**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

NORMAN POMEROY,
    Appellant,

  v.

DEPARTMENT OF ENERGY,
    Agency.

DOCKET NUMBER
DC-0752-18-0526-I-1

DATE: March 5, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Andrew Kim</u>, Esquire, Atlanta, Georgia, for the appellant.

<u>Pamela Simmonds</u>, Esquire, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which sustained his removal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

The essential undisputed facts as set forth in the initial decision are as follows. The appellant was formerly employed by the agency as an Intelligence Research Specialist with the agency's Office of Intelligence and Counterintelligence (IN). Initial Appeal File (IAF), Tab 19, Initial Decision (ID) at 1. As a condition of his employment, he was required to maintain a top secret security clearance with access to sensitive compartmented information (SCI). ID at 2. On November 17, 2014, the agency issued the appellant a notice of intent to revoke his SCI access. ID at 6. The agency afforded the appellant various internal appeals before the IN Director ultimately notified the appellant of his decision to revoke the appellant's SCI access on June 6, 2017. ID at 6-10. On November 8, 2017, the agency proposed the appellant's removal based on a charge of failure to maintain SCI access as required by his position. ID at 10. After affording the appellant an opportunity to respond to the proposal notice, on April 4, 2018, the agency issued a decision removing the appellant from service. ID at 10-11.

The appellant filed a Board appeal in which he raised an affirmative defense of harmful procedural error based on the agency's alleged failure to follow its internal policies when revoking his SCI access. IAF, Tab 1. After the

appellant withdrew his request for a hearing, IAF, Tab 10, the administrative judge issued an initial decision based on the written record, finding that the agency proved its charge and the appellant failed to prove his affirmative defense of harmful procedural error, ID at 11-16. She further found that the appellant's removal promoted the efficiency of the service. ID at 16-17.

The appellant has filed a petition for review in which he disputes the administrative judge's finding that he failed to prove his affirmative defense of harmful procedural error. Petition for Review (PFR) File, Tab 1. The agency has opposed the appellant's petition. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

In an appeal of an adverse action under 5 U.S.C. § 7513 based on the denial, revocation, or suspension of a security clearance, the Board does not have authority to review the substance of the underlying security clearance determination, but may review the following: (1) whether the employee's position required a security clearance; (2) whether the security clearance was denied, revoked, or suspended; and (3) whether the agency followed the procedures set forth in 5 U.S.C. § 7513. *Department of the Navy v. Egan*, 484 U.S. 518, 529-31 (1988); *Cheney v. Department of Justice*, 479 F.3d 1343, 1352 (Fed. Cir. 2007); *Hesse v. Department of State*, 217 F.3d 1372, 1376 (Fed. Cir. 2000). On review, the appellant does not dispute the administrative judge's findings that these conditions are satisfied here, and we discern no error in the administrative judge's analysis. ID at 12.

Rather, on review the appellant reiterates his argument that the agency committed harmful procedural error in the security clearance revocation process. PFR File, Tab 1 at 8-15. He correctly observes that in some cases the Board has the authority to review such a claim. *Id*. at 11-12; *see Romero v. Department of Defense*, 527 F.3d 1324, 1329 (Fed. Cir. 2008) (holding that the Board may review whether an agency has complied with its procedures for revoking a

security clearance, even though it may not review the substance of the revocation decision). However, in this case, the administrative judge correctly found that the appellant's harmful procedural error claims exceed the Board's review authority. ID at 15. The appellant's chief argument is that the agency failed to follow its Standard Operating Procedures for the Office of Intelligence and Counterintelligence (SOP) to determine whether his conduct amounted to a "security infraction" or a "security violation," which he contends was required to decide the appropriate disciplinary action to be imposed.[2] PFR File, Tab 1 at 8-13. The appellant also claims that the agency improperly applied a Work Force Discipline policy dated May 14, 2015, issued after the conduct at issue occurred, which recommends more severe discipline for a single offense of improper storage of classified materials as compared with the prior version in effect. *Id.* at 10-11. In essence, these arguments amount to the appellant's disagreement with the agency's decision that revocation of his security clearance, instead of a lesser penalty, was warranted under the circumstances. Such an issue, however, goes to the substance of the agency's clearance determination, which lies outside of our review authority. Hence, as the administrative judge explained, this case is distinguishable from *Romero*, in which the procedural review did not overstep the boundaries set by *Egan*. *See Romero*, 527 F.3d at 1329-30; ID at 15.

Moreover, to the extent the appellant's arguments can be construed as alleged procedural errors, we find that the appellant has not shown that the agency erred in the application of its procedures. As the administrative judge noted, the agency's SOP contains permissive language by identifying certain

---

[2] The appellant also asserts for the first time on review that he only received a heavily redacted version of the SOP, which prevented him from knowing that the agency considered the matter to be a "security violation" instead of a "security infraction" and mounting an effective defense. PFR File, Tab 1 at 13-15. We decline to consider this argument in the first instance because the appellant has not shown that it is based on new and material evidence that was unavailable before the record below closed. *See Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980).

incidents that "may" be considered security infractions and suggesting disciplinary actions that "may be given to the offender." IAF, Tab 7 at 35-39; ID at 14. Nothing in the SOP mandates that the agency take a certain disciplinary action or precludes the agency from imposing alternative discipline to the extent the agency deems it warranted. Thus, the appellant has not shown that the agency's decision to review or revoke his access to SCI instead of imposing a penalty recommended in the SOP amounted to a failure by the agency to follow its procedures. Nor does the SOP require, as the appellant contends, that the agency determine in its security report whether the matter was a violation or infraction for purposes of imposing discipline. PFR File, Tab 1 at 13. Rather, the SOP states that the purpose of a security inquiry is to determine whether there has been a compromise of classified matter or a violation of law, and if so, to determine the precise nature and extent of the compromise or illegal activity. IAF, Tab 7 at 38.

Regarding the appellant's remaining harmful error claim, we find that he has not shown that the agency's alleged error would have likely resulted in a different conclusion. *See* 5 C.F.R. § 1201.4(r). The appellant argues that the agency failed to follow the SOP which states that the Division Director and Headquarters Special Security Officer would recommend appropriate disciplinary action after considering the findings of the report of security inquiry. PFR File, Tab 1 at 9-10. However, as the administrative judge found, the appellant has not presented evidence that his Division Director would have recommended a different action. ID at 15. Moreover, notwithstanding any such recommendation, under the relevant agency policies, the IN Director is the final appeal authority and decides and administers disciplinary action. IAF, Tab 4 at 26, Tab 7 at 38. The record reflects that the IN Director made a final decision to revoke the appellant's SCI access. IAF, Tab 4 at 22.

Accordingly, we affirm the initial decision, sustaining the appellant's removal.

**NOTICE OF APPEAL RIGHTS**[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD:                    _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.